GEORGE K. PICHLER v. ALTER CO. AND ANOTHER.

240 N. W. 2d 328.

March 12, 1976—No. 45617.

*McGarry & Brody* and *Norman M. Brody*, for relator.

*Warren Spannaus*, Attorney General, *Peter W. Sipkins*, Solicitor General, *Peter C. Andrews*, Assistant Attorney General, and *Louis K. Robards*, Special Assistant Attorney General, for respondent commissioner.

PER CURIAM.

Relator seeks review of a decision of the commissioner of manpower services (now commissioner of employment services) denying him unemployment benefits. The only issue is whether or not during the period in question the relator was available without restriction for full-time employment. The claims deputy made findings against relator which were affirmed by the appeal tribunal and by the commissioner. We hold the record supports that decision and affirm.

On or about August 22, 1973, relator began work as a welder for Alter Company, respondent herein, and was terminated on March 7, 1974. He remained unemployed until June 18, 1974. On September 4, 1973, he enrolled at the St. Paul Technical Vocational Institute to learn the pipe-fitting trade and finished that course on June 6, 1974. His status at Alter Company was that of a part-time employee who worked after school from 30 to 35 hours a week.

At the hearing before the appeal tribunal, an employee of the department testified that she was advised by Alter Company that relator could have stayed on indefinitely doing full-time work as a welder. Relator denied receiving such an offer and attacks the reception of that hearsay evidence on the ground it was incompetent.

Under Minn. St. 268.10, subd. 6, the commissioner is authorized to conduct hearings without strict compliance with common-law or statutory rules of evidence. A regulation of the department, Minn. Reg. ES 23, adopts procedures thus authorized by statute. Accordingly, we are of the opinion that the evidence introduced in this matter was properly received and supports the decision of the commissioner that relator was not available for work while a full-time vocational student, he was not enrolled in a training course approved by the commissioner, and suitable work opportunities did exist for relator.[1]

Hansen v. Continental Can Co. 301 Minn. 185, 221 N. W. 2d 670 (1974), is readily distinguishable. We there stated (301 Minn. 188, 221 N. W. 2d 672):

"We limit this holding to the facts of the instant case, *where the relator expressed his willingness to accept employment at any time and even to quit school* to do so. Those involuntarily unemployed still must actively seek employment, *not place conditions or restrictions on their availability, and be a genuine part of the labor force.*" (Italics supplied.)

Finally, relator complains that one Richard Hall, who was a fellow employee and fellow student identically situated and also terminated at the same time, was given benefits for 20 days as a "shopping period" to locate other evening employment. The commissioner argues that the

---

[1] Minn. St. 268.08, subd. 1, provides in part: "An individual shall be eligible to receive benefits with respect to any week of unemployment only if the commissioner finds that:

\* \* \* \* \*

"(3) He was able to work and was available for work, and was actively seeking work \* \* \*."

Minn. Reg. ES 30(b) provides, in part, as follows: "(b) An individual's enrollment in a training course shall be approved for the purposes of Sections 268.08 and 268.09 if the Commissioner finds that:

"(1) Reasonable and suitable work opportunities for which the individual is fitted by training, experience and physical capabilities do not exist in his locality."

department has no legal obligation to furnish such benefits and the fact it was done in Hall's case was a discretionary decision which does not require the same treatment for relator. Although the disparity in handling these claims was indubitably discriminatory, and no explanation is given for conferring benefits in the one instance and denying them in the other, we cannot say as a matter of law that in the absence of any statutory directive the department was obliged to exercise its discretion in every case with inflexible consistency.

Affirmed.