Steven **LARSON**, Relator,

v.

**DEPARTMENT OF ECONOMIC SECURITY, Orpheum Minneapolis Cinema Corp., Respondents.**

No. 49287.

Supreme Court of Minnesota.

June 1, 1979.

Richard J. Fuller, Legal Aid Society of Minneapolis, Inc., Minneapolis, for relator.

Warren Spannaus, Atty. Gen., St. Paul, Broeker, Hartfeldt, Hedges & Grant, and Steven R. Hedges, Minneapolis, for respondents.

PER CURIAM.

Relator, Steven Larson, appeals from the decision of the Commissioner, Department of Economic Security, filed August 17, 1978, denying him unemployment compensation benefits upon the basis that he voluntarily discontinued his employment without good cause attributable to the employer. We affirm.

Relator commenced his employment as a janitor at the Orpheum Theater on October 15, 1977. Approximately 3 months later, on January 23, 1978, he terminated his employment when he failed to appear for his scheduled work shift without notice to his employer. He filed his claim petition on February 5, 1978, stating that he terminated because he "was treated poorly by fellow employees" and that he did not report to work as scheduled because he "decided to quit."

The denial of his claim for unemployment compensation benefits by the claims deputy prompted relator's appeal to the appeals tribunal. At the hearing conducted by the tribunal, he testified that shortly after he began work, one of his coworkers spat upon him and teased him. He stated that the taunting occurred on a nightly basis, but that he did not first inform his supervisor, the manager, until approximately 6 weeks had elapsed. At that time the manager was told only of the spitting incident. The manager promised to speak with the coworkers and asked the relator to notify him if the conduct either continued or became more abusive. Relator testified that thereafter the taunting continued and that the coworker at one time threw paper "pop cups" at him and on another occasion struck him in the stomach. The record is clear that relator never provided the manager with additional information.

George Stephens, manager of the Orpheum Theater, stated that the assistant manager was informed by relator that he left his employment because the work was too difficult and that there was never any mention of continued threats from the coworker. Additionally, he testified that, had he known that the conduct persisted, he would have taken remedial action to facilitate a better working climate for his staff.

By decision dated May 8, 1978, the tribunal found that relator had voluntarily discontinued his employment without good cause attributable to his employer. Minn.St. 268.09, subd. 1. The tribunal reasoned that relator terminated his employment without notice or explanation to the manager and that, while he knew that he should have informed his superior that the abuse continued, he failed to do so. Upon

further appeal to the commissioner, the decision of the tribunal was affirmed and this appeal followed.

Relator essentially argues that, without regard to the conduct of the employer, a reasonable fear for one's health or safety constitutes good cause for terminating his employment. *Ferguson v. Dept. of Employment Services,* 311 Minn. 34, 247 N.W.2d 895 (1976); *Reeves v. Board of Rev. of Unemployment Comp.,* Ohio Com.P.L., 52 Ohio Op. 398, 118 N.E.2d 159 (1953); and *Dwight Mfg. Co. v. Long,* 36 Ala.App. 387, 56 So.2d 685 (1952). He contends that the record not only supports his reasonable fear, but also the fact that he was in actual danger, relying upon the comparative physical stature of the two coworkers and his own recitation of the physical contact from his coworker.

The commissioner did not agree with this analysis and distinguished the *Ferguson* decision upon the basis of the recorded facts. He reasoned that the employee was remiss in not reporting additional incidents of harassment, as agreed, after the first discussion with the manager. That fact, together with relator's failure to report to work or contact his employer for a period of 4 days after his last scheduled workday, led the commissioner to conclude that relator took no steps to retain his employment.

The record indicates that relator is of reduced physical stature and is afflicted with a speech impediment. While he stated that he feared that he would be harmed by the larger coworker and that he so informed the manager, the manager stated that he spoke with the coworker and the latter denied the actions. The manager suggested that relator return to him if the situation worsened, but relator chose not to do so and instead made a unilateral decision to quit without notice. When questioned about his failure to seek relief from the manager, relator explained that he "just didn't think of it."

Under the circumstances presented, once relator was provided with the expectation of assistance from his employer in eliminating his alleged fear of harm from a cowork-

er, the burden was upon him to fully apprise the employer of the continuing facts giving rise to that fear. Without this full knowledge, it was reasonable for the employer to assume that the problem had been corrected.

We therefore conclude that the evidence sustains the finding of the commissioner that relator had a duty to inform the employer of those allegations to allow the employer the opportunity to correct the situation and that, in the absence of this information, the employer should not be charged with having caused relator's unemployment.

Affirmed.