**WONDER INDUSTRIES, INC., Relator,**

v.

**Stanley C. MAROHN, Respondent,**

**Commissioner of Economic Security, Respondent.**

**No. C5-83-1823.**

Court of Appeals of Minnesota.

March 14, 1984.

John Wies, President, Wonder Industries, Inc., Forest Lake, pro se.

Peter Rosene, St. Paul, for Marohn.

Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, for Commissioner of Economic Sec.

Considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ., without oral argument.

## OPINION

PARKER, Judge.

This court granted certiorari to review the decision of the commissioner's representative reversing the appeal tribunal's determination and ruling that the employee voluntarily terminated his employment with good cause attributable to the employer. We affirm.

Stanley Marohn was an apprentice mold maker for Wonder Industries, Inc. Beginning in April 1983 he experienced difficulty in cashing his payroll checks. The problem occurred because the company's customer checks were "uncollected" at the time the payroll checks were issued, since the bank had not yet cleared them.

As a result of the problems in cashing his payroll checks, Marohn voluntarily terminated his employment on May 16, 1983. The claims deputy granted Marohn unemployment compensation benefits. The appeal tribunal reversed, concluding that Marohn lacked good cause attributable to the employer for separating from his employment. The commissioner's representative in turn reversed, stating that an employer has a legal obligation to pay employees with a check that is immediately negotiable. He indicated that "[w]hat was literally happening here is that the claimant was being required to be the employer's personal banker."

■ The issue on appeal is whether the record supports the commissioner's representative's determination that the employee voluntarily terminated employment with good cause attributable to the employer under Minn.Stat. § 268.09, subd. 1(1) (1982). Our review is limited to an examination of "whether the commissioner's findings are reasonably sustained by the evidence, are affected by an error of law, or are arbitrary and capricious." *Salamon v. Time Share Computer Systems, Inc.,* 341 N.W.2d 300, 302 (Minn.App.1983).

■ This court recently analyzed the "good cause attributable to the employer" criterion in *Helmin v. Griswold Ribbon & Typewriter,* 345 N.W.2d 257 (Minn.App. 1984). We indicated that this provision does not require a finding that the employer was negligent or acted wrongfully. Rather, it embraces situations when employees, through no fault of their own, leave their employment because of factors or circumstances directly connected with their employment. *Id.* at 261.

■ We realize that the employer here had a cash flow problem which, we believe, does not reflect upon his personal ethics or business morals. However, we agree with Marohn that the uncertainty of time of payment rendered the conditions of his employment intolerable, and that those conditions were not attributable to him but were connected with his employment. The commissioner's representative's decision is fully supported by the record.

We need not address the employer's other contentions on appeal because they are without merit.

Affirmed.