Steve S. BRUNELLO, Respondent,

v.

MILL CITY AUTO BODY, Relator,

and

Commissioner of Economic
Security, Respondent.

No. C1–83–1771.

Court of Appeals of Minnesota.

May 29, 1984.

Stephen R. O'Brien, Minneapolis, for relator.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Asst. Atty. Gen., St. Paul, for respondent Com'r of Economic Sec.

Steve C. Brunello, respondent, pro se.

Considered and decided by LANSING, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Relator Mill City Auto Body appeals the Commissioner's representative's decision affirming the referee's decision awarding unemployment compensation benefits to claimant. We affirm.

## FACTS

On June 1, 1983, Brunello was separated from employment as a bodyman and painter for appellant Mill City Auto Body (Mill City). He had been employed at Mill City since March 1981. On June 3, 1983, he filed a claim for unemployment benefits alleging involuntary termination by Mill City. He explained the reasons for his separation as follows:

> The owner (Bill Dozal) (sic) and myself were constantly argueing (sic) over personal matters, rarely related to work. On 6/1 Bill said he didn't feel we could work together any more due to this personality conflict. I always did my job to the best of my ability.

The department received the following statement from Mill City:

> The claimant was not layed of (sic) because of lack of work he was fired. He was not trustworthy or reliable when I was not around. He also could not handle or accept his own mistakes. There was always an excuse to be heard.

The claims deputy determined that the separation was involuntary and awarded Brunello unemployment benefits. Mill City's attorney then gave notice of appeal to the Department of Economic Security.

At a hearing before a referee, Brunello testified that he made a mistake in his original statement. He then testified that he had voluntarily quit because he could not work with the owner. The owner also testified that Brunello voluntarily quit. He explained, against the advice of his attorney, that he was mistaken when he wrote his original statement.

The referee affirmed the claims deputy's determination that Brunello was entitled to benefits. The referee disregarded the testimony at the hearing and relied upon the original written statements made by the parties. Those statements were introduced into evidence at the hearing over Mill City's objection.

Mill City appealed to the Commissioner whose representative affirmed the referee's decision. Mill City appeals that determination.

## ISSUE

Was evidence properly admitted to support the Commissioner's conclusion that respondent was involuntarily separated from his employment for reasons other than misconduct?

## ANALYSIS

Mill City argues there is insufficient evidence to support the decision because Brunello no longer alleges that he is entitled to benefits. The Commissioner argues both that the original written statements provide sufficient evidence and that a claimant cannot withdraw a claim after the claims deputy has ruled.

▪ Under Minn.Stat. § 268.09, subd. 1 (1982) persons claiming unemployment compensation are disqualified if they voluntarily terminated their jobs or were terminated for misconduct. The employer has the burden of showing that the employee voluntarily quit the job. *Marz v. Department of Employment Services*, 256 N.W.2d 287, 289 (Minn.1977).

▪ The scope of review in economic security cases is limited. The evidence should be viewed in the light most favorable to the Commissioner's decision. If there is evidence reasonably tending to sustain the Commissioner's findings, the decision should not be disturbed. *Group Health Plan, Inc. v. Lopez*, 341 N.W.2d 294, 296 (Minn.App.1983); *Ramirez v. Metro Waste Control Commission*, 340 N.W.2d 355, 357 (Minn.App.1983).

▪ The referee relied upon the original written statements. The Commissioner's representative indicated that the testimony of the two parties was disregarded as false and possibly the product of an agreement between the parties in violation of Minn. Stat. § 268.17, subd. 1:

> Waiver of rights void. Any agreement by an individual to waive, release, or commute his rights to benefits or any other rights under sections 268.03 to

268.24 shall be void.... No employer shall directly or indirectly make or require or accept any deduction from wages to finance the employer's contributions required from him, require or accept any waiver of any right hereunder by any individual in his employ or in any manner obstruct or impede the filing of claims for benefits. Any employer or officer or agent of any employer who violates any provision of this subdivision shall, for each offense, be guilty of a misdemeanor.

Mill City argues the written statements should not have been admitted into evidence during the hearing. The attorney objected to introduction of the statements on the basis of the best evidence rule. Without those statements Mill City argues there is no evidence to support the representative's finding.

The Commissioner argues the admission of the statements was proper regardless of the operation of formal evidentiary rules. The Commissioner cites *Pichler v. Alter Co.*, 307 Minn. 522, 240 N.W.2d 328 (1976) which held that hearings conducted by the commissioner are not subject to strict requirements of the rules of evidence. In *Pichler* the commissioner relied upon hearsay evidence to support his decision. The court found that hearsay evidence both admissible and sufficient to support the commissioner's determination. *Id.* at 523, 240 N.W.2d at 329.

The statements here appear no less reliable than the hearsay statements allowed in *Pichler* and were made on department forms which the parties should have known would be used in deciding the claim. Both statements unequivocally support the representative's conclusion that Brunello was involuntarily terminated.

## DECISION

■ There is sufficient evidence reasonably supporting the Commissioner's representative's determination that respondent was involuntarily separated from his employment for reasons other than misconduct.

Affirmed.