Donald J. CARY, Relator,

v.

CUSTOM COACH, INC., Respondent,

Commissioner of Economic
Security, Respondent.

No. C9–84–328.

Court of Appeals of Minnesota.

June 5, 1984.

Donald J. Cary, pro se.

Custom Coach Inc., pro se.

Hubert H. Humphrey, III, Atty. Gen.,
Paul Heckt, Sp. Asst. Atty. Gen., St. Paul,
for respondent.

Considered and decided by WOZNIAK,
P.J., and HUSPENI and NIERENGAR-
TEN, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Cary applied for unemployment benefits.
A department claims deputy denied bene-
fits because Cary had voluntarily quit with-
out good cause attributable to the employ-
er. On appeal, the appeal referee reversed
and allowed benefits. The commissioner's
representative, however, reversed the ref-
eree's decision. We affirm.

## FACTS

Donald Cary, the relator, was a salesper-
son for Custom Coach, Inc. of Hopkins,
Minnesota. Cary's wages were based on a
25% commission on the profit from any sale
he made. He received a draw on the com-
mission. While Cary claimed that the draw
was $1,000 per month as a minimum sala-
ry, the employer testified that the draw
was only against the commission and not
guaranteed. The actual amount of the
draw given to Cary varied.

During the winter months of 1983, Cary had problems with two of his children. His performance at work was noticeably poor: he made no sales, he came to work late, and sometimes did not even show up. By February, Custom Coach had advanced over $4,000 to Cary against his commissions.

On February 11, 1983, one of the co-owners of Custom Coach handed Cary a pay check and said that he would not receive any more draw, that his pay would only be based on his commissions. On February 14, 1983, Cary reported to the store, gave his keys to one of the other salespersons and left without speaking to the owners. At the hearing, the owner said he was willing to take Cary back as a salesperson.

## ISSUE

Was the commissioner's representative's finding that Cary voluntarily terminated his employment without good cause attributable to the employer supported by the record?

## ANALYSIS

■ This court's scope of review is limited in economic security cases:

The narrow standard of review requires that findings be reviewed in the light most favorable to the decision, and if there is evidence reasonably tending to sustain them, they will not be disturbed.

*White v. Metropolitan Medical Center,* 332 N.W.2d 25, 26 (Minn.1983); *Group Health Plan, Inc. v. Lopez,* 341 N.W.2d 294, 296 (Minn.App.1983). When conflicting evidence is presented, this court is "not privileged to weigh the evidence and make a proper determination as to where the preponderance lies." *Nyberg v. R.N. Cardozo & Brother, Inc.,* 243 Minn. 361, 364, 67 N.W.2d 821, 823 (1954).

■ Cary was not asked to quit. His former employer would take him back at his old position. Cary, therefore, voluntarily terminated his employment. An individual seeking unemployment benefits is disqualified from receiving benefits if, "[t]he

individual voluntarily and without good cause attributable to the employer discontinued his employment." Minn.Stat. § 268.09(1)(1) (1982).

Cary claims that he had good cause to leave because Custom Coach refused to pay him any more draw on his commissions. The parties disputed whether the draw was a minimum salary or simply a draw against his commissions. The commissioner found the employer's testimony more convincing and under the *Nyberg* rule, this court is in no position to question the commissioner's determination of credibility. The draw, therefore, was, in effect, a loan from the employer to be charged against the employee's commissions. Faced with an employee whose performance was poor and who had already drawn $4,000, the employer did not act unreasonably by refusing to allow the employee to draw any more money against his commissions. Refusing to pay any more draw on the commissions was not good cause for Cary to terminate his employment.

## DECISION

The record supports the commissioner's representative's determination that Cary voluntarily left his employment without good cause attributable to the employer.

Affirmed.