Annette **KRATOCHWILL**, Relator,

v.

**LOS PRIMOS**, Respondent,

**Commissioner of Economic Security**, Respondent.

No. C1–84–470.

Court of Appeals of Minnesota.

Aug. 14, 1984.

Annette Kratochwill, pro se.

Los Primos, pro se.

Hubert H. Humphrey, III, Atty. Gen., Laura E. Mattson, Spec. Asst. Atty. Gen., St. Paul, for respondent, Com'r of Economic Sec.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Relator Annette Kratochwill appeals the decision of the Commissioner of Economic Security disqualifying her from receiving unemployment compensation benefits. The decision rests on a finding that relator's termination from employment was voluntary and without good cause attributable to the employee.

## FACTS

Relator was employed by respondent Los Primos from August 1, 1983, until her termination on October 12, 1983. At the time of her termination, relator was manager of a restaurant in the Ridgedale shopping center, where she supervised an associate manager.

Relator believed that the associate manager undercut her authority by seeking advice and instruction from the manager of a different restaurant location rather than follow relator's directions. On October 6, 1983, relator requested to meet with her employer to discuss the supervision problems with the associate manager. When the employer asked relator to describe the problems she was experiencing, relator replied with an example that the employer did not feel was a major difference in management policy. Although requested to, relator failed to offer further examples and terminated the conversation by stating, "O.K., forget it." Fifteen minutes later, relator tendered a two-week termination notice effective October 20, 1983.

On October 12, 1983, relator was scheduled to work at 3:00 p.m. She did not arrive until 4:45 p.m. because she was interviewing for another job and because of car trouble. Because relator reported late to work, the associate manager worked longer than her scheduled shift and was then late for her second job. An argument ensued and relator told the associate manager that this was going to be her last day at work. During a telephone conversation, the employer accepted the associate manager's offer to return to the restaurant at 8:00 p.m. to close the store and authorized the associate manager to tell relator that she could leave her employment that night. When the associate manager returned to the restaurant and requested relator's business keys, relator returned her keys, turned in her uniform, made a written demand for her final wages and left the premises.

When relator discontinued her employment on October 12, 1983, she reopened an existing valid claim for benefits with the Department of Economic Security. A department claims deputy determined that relator voluntarily discontinued her employment with Los Primos without good cause attributable to it. A referee affirmed the finding of the claims deputy and decided that relator was disqualified from receiving benefits pursuant to Minn.Stat. § 268.-09(1)(1) (Supp.1983). The decision of the referee was upheld by a representative of the Commissioner.

## ISSUE

Whether the evidence supports the finding of the Commissioner of Economic Security that relator voluntarily discontinued her employment without good cause attributable to her employer.

## ANALYSIS

One who has "voluntarily and without good cause attributable to the employer discontinued his employment" is disqualified from receiving unemployment compensation. Minn.Stat. § 268.09(1)(1) (Supp. 1983).

█ Under this statute, the employer has the burden of proving disqualification of otherwise eligible employees. *Marz v. Department of Employment Services*, 256 N.W.2d 287 (Minn.1977). If the employer is successful in going forward with this burden, the employee, to avoid disqualification, bears the burden of establishing that he discontinued his employment for good cause attributable to the employer. *Zepp v. Arthur Treacher Fish & Chips, Inc.*, 272 N.W.2d 262 (Minn.1978).

█ The proper test for "good cause attributable to the employer" is whether the employee's reason for quitting was compelling, real and not imaginary, substantial and not trifling, reasonable and not whimsical and capricious. *Ferguson v. Department of Employment Services*, 311 Minn. 34, 44, 247 N.W.2d 895, 900 (1976).

█ The conflicting testimony before the referee regarding the termination is a factual dispute to be determined by the Commissioner. *Cary v. Custom Coach, Inc.*, 349 N.W.2d 331 at 332 (Minn.Ct.App.1984). The Commissioner's finding will not be disturbed if there is evidence reasonably tending to sustain it, and the evidence must be viewed in a light most favorable to the findings. *White v. Metropolitan Medical Center*, 332 N.W.2d 25 (Minn.1983).

█ The finding that relator voluntarily discontinued her employment on October 12, 1983, is supported by the evidence. The employer testified that relator informed the associate manager on October 12 that it would be her last work day. The employer took that statement to mean that relator quit her employment. Relator testified that she was involuntarily terminated and now argues to this court that she never stated that the 12th would be her last day of work.

## DECISION

Because the evidence supports the findings of the Commissioner that relator voluntarily terminated her employment without good cause attributable to the employer, the decision of the Commissioner holding relator disqualified from the receipt of unemployment compensation benefits pursuant to Minn.Stat. § 268.09(1)(1) (Supp. 1983), is affirmed.

Affirmed.