**Walter KRANTZ, Relator,**

v.

**LARCO DIVISION, Department of Economic Security, Respondents.**

No. C2–84–1885.

Court of Appeals of Minnesota.

March 12, 1985.

John R. Malone, Van Drake & Van Drake, Ltd., Brainerd, for Walter Krantz.

Roger Zahn, Thompson & Klaverkamp, Minneapolis, for Larco Div.

Hubert H. Humphrey III, Atty. Gen., Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, for Department of Economic Security.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and CRIPPEN, JJ.

834

## OPINION

POPOVICH, Chief Judge.

### FACTS

Relator Walter Krantz was employed by respondent Larco Division as a die press operator from January 21, 1980 until his involuntary discharge on December 9, 1983.

In March 1980, relator injured his back while working his press and was treated by an orthopedic specialist. After the injury, he suffered physical limitations affecting his ability to do his job. The employer accommodated relator by providing a gauge to measure the items relator lifted. Because of his injury, in part, relator's productivity was below normal. In addition, his employer claimed that relator's wasting time on the job substantially decreased his productivity.

During his employment, relator was frequently warned by his foreman to spend less time (1) cleaning his machine, (2) at personal breaks at the drinking fountain, and (3) at the bathroom. None of the claimed unnecessary activity was related to his medical limitations. The plant superintendent began casual observation of relator's work habits and also warned relator to curtail his non-work activities.

On October 18, 1983, relator was given a three-day suspension for damaging a machine die. On November 19, 1983, relator was told to have his machine operating by 7:05 a.m., five minutes after the start of the work day. Relator was again reminded to start work on time on December 1, 1983. Relator admits he was in violation of these instructions.

In December 1983 after failing to begin his machine operations on time, relator produced numerous defective units. On December 7, 1983, relator was suspended pending a supervisory review of his work record. Two days later, on December 9, 1983, relator was notified he was terminated effective December 7 for failure to obey an order of his supervisor.

The Commissioner of Economic Security determined relator was "goldbricking" and terminated for misconduct. We affirm.

### ISSUE

Was relator terminated for misconduct sufficient to deny him unemployment compensation benefits?

### ANALYSIS

1. Relator argues he was discharged solely for the event occurring on December 7, 1983 and argues this does not constitute misconduct. This argument is refuted by the Commissioner's finding the termination was made after a review of relator's entire work record.

2. Relator's work record demonstrates a history of unnecessary delays and avoidance of work. Testimony before the referee also indicates the work avoidance was deliberate. Such deliberate conduct is sufficient to rise to the level of misconduct as defined in *Tilseth v. Midwest Lumber Company*, 295 Minn. 372, 204 N.W.2d 644 (1973).

3. Within our narrow scope of review, we must review the findings in the light most favorable to the decision. *White v. Metropolitan Medical Center*, 332 N.W.2d 25, 26 (Minn.1983).

### DECISION

The record supports the Commissioner's finding that relator was discharged for misconduct. The Commissioner's decision is affirmed and relator is disqualified from the receipt of unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1(2).

Affirmed.