**Mary Jane HEISLER, Relator,**

v.

**B. DALTON BOOKSELLER,**
**Department of Economic**
**Security, Respondents.**

No. C6–84–2148.

Court of Appeals of Minnesota.

May 28, 1985.

Sally J. Claeys, Barr & Claeys, Minneapolis, for relator.

James H. Leviton, Minneapolis, for B. Dalton Bookseller.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for Dept. of Economic Sec.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Relator seeks review of the determination of the Commissioner of Economic Security that she voluntarily quit her employment without good cause attributable to her employer and was disqualified from the receipt of unemployment compensation benefits. We affirm.

## FACTS

Relator Mary Jane Heisler was employed full-time by respondent B. Dalton Bookseller for more than eight years. At the time of her termination, Heisler was employed as a group leader in the Accounts Payable Department. Her duties included supervision and direction of payment to periodicals vendors.

In December 1983, relator received a performance review with an overall rating of satisfactory and a salary increase of 2.3 percent. Relator's supervisor listed four areas where improvement was necessary: organization, time management, accuracy and follow-through. Relator was advised another review would be held in six months to evaluate her progress in these areas.

In June 1984, relator received another review. Her supervisor stated relator had shown little or no improvement in the four skills areas previously noted. As a result, relator was advised she was being demoted from accounts payable group leader to a non-supervisory position.

Relator requested time to consider her options and received one week's vacation with full pay. She then contacted B. Dalton's Human Resources Department and advised them she wanted to stay with the company, she enjoyed working there, and that she wanted assistance in obtaining another job with B. Dalton or another Dayton-Hudson subsidiary. Relator also asked for and received a four week personal leave of absence.

In early August 1984, relator met with a B. Dalton employment representative. Relator was told a position was available in the company's traffic department and that an interview had been arranged for her. Relator refused to report to the interview and voluntarily tendered her resignation on August 4.

About August 16, 1984, relator filed a claim for unemployment compensation benefits. A claims deputy for the Minnesota Department of Economic Security determined relator had voluntarily terminated her employment without good cause attributable to B. Dalton and was therefore not entitled to unemployment benefits.

After an evidentiary hearing, a department referee reversed the claims deputy's determination. The referee agreed relator's unsatisfactory performance appraisal was caused not by her failure to improve her job skills as group leader, but by B. Dalton's decision not to provide her with additional staff personnel. The referee also concluded the two other positions offered to relator were demotions creating the "type of necessitous circumstances which would compel the average reasonable individual to leave her employment."

The Commissioner of Economic Security reversed the referee's decision. The Commissioner found no evidence B. Dalton was arbitrary or capricious in deciding relator failed to meet the skill requirements necessary for the group leader position. The Commissioner found no specific factual support in the record for relator's staffing shortage claim. The Commissioner noted that after her removal as group leader, relator was offered another position in the same department. Although he agreed

working with people relator had previously supervised might be unpleasant, the Commissioner concluded this unpleasantness did not rise to the level of good cause for voluntary termination of employment.

## ISSUES

1. Did the Commissioner of Economic Security improperly accept and review new evidence submitted after the evidentiary hearing held before the department referee?

2. Does the record support the determination of the Commissioner that relator voluntarily terminated her employment without good cause attributable to the employer?

## ANALYSIS

### 1. *New Evidence.*

■ Relator testified before the referee, but the employer did not appear. In its appeal to the Commissioner, B. Dalton submitted written and oral argument to the Commissioner. Relator claims the written brief was additional evidence and that the Commissioner erred by considering new evidence in reaching a decision.

In reviewing a referee's decision, the Commissioner may:

affirm, modify, or set aside any finding of fact or decision, or both, of the referee on the basis of the evidence previously submitted in the case, or remand the matter back to the referee for the taking of additional evidence and new findings and decision based on all of the evidence before the referee.

Minn.Stat. § 268.10, subd. 5 (1984). Minn.R. 3310.3800, subpt. 1 (1983) states that arguments before the Commissioner:

shall be limited to the transcribed testimony taken before the referee, the exhibits, the law, and the rules adopted by the commissioner, and may be made orally or submitted by written briefs, or both.

*Id.*

■ Although the Commissioner is not free to hear new evidence on appeal, he may review argument from any party. The employer's brief was permissible argument to the Commissioner. To the extent that any brief argues facts not in the record, the reviewing body should disregard that part of the argument.

In reviewing the brief submitted to the Commissioner and the Commissioner's decision, we find the Commissioner properly considered the arguments submitted by the employer on review.

### 2. *Voluntary Termination.*

■ There is no dispute that relator voluntarily terminated her employment. Therefore, relator had the burden of showing her voluntary termination was for good cause attributable to her employer. Minn. Stat. § 268.09, subd. 1 (1984); *see Marz v. Department of Employment Services,* 256 N.W.2d 287, 289 (Minn.1977). Relator argues that an increased workload followed by a demotion and wage reduction constitutes good cause for a voluntary termination.

After reviewing the transcript of the testimony and the exhibits, the Commissioner found relator's claim that she was understaffed to be mere.supposition without any factual support. Further, there is nothing in the record to support relator's claim that her demotion included a decrease in pay. She testified pay was not discussed when she was offered the lower-level job.

## DECISION

Under the narrow standard of review available to this court, *see White v. Metropolitan Medical Center,* 332 N.W.2d 25, 26 (Minn.1983), we find the evidence sustains the findings of the Commissioner. Relator voluntarily terminated her employment without good cause attributable to the employer. Under Minn.Stat. § 268.09, subd. 1(1) (1984), relator was properly disqualified from the receipt of unemployment compensation benefits.

Affirmed.