Marissa BONGIOVANNI, Relator,

v.

VANLOR INVESTMENTS, Respondent, and Commissioner of Economic Security, Respondent.

No. C8–84–2068.

Court of Appeals of Minnesota.

July 2, 1985.

Richard L. Matykiewicz, St. Paul, for relator.

Steven R. Kruger, Moore, Costello & Hart, Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Relator Marissa Bongiovanni seeks review of the decision of the Commissioner of Economic Security that she was voluntarily separated without good cause attributable to her employer. She claims that misconduct of the employer gave her good cause to resign. We affirm.

## FACTS

Relator was employed by respondent Vanlor Investments for eight months through July 13, 1984. She was entitled to this employment because of terms in a stock purchase and control agreement between relator, her father and the owners of Vanlor, Van and Lorraine Harwood. Under that agreement, relator and her father acquired one-third of the stock of Vanlor and the right to acquire the remaining stock. The agreement provided that relator would hold the position of chief financial officer at a salary of $1,000 per month, that her salary not be reduced, and that her father would be a director of the corporation and a nominally paid consultant. It was anticipated that relator would learn to operate the business so that she and her father could purchase the remaining shares of the company.

Relator testified that the principal shareholder and president of Vanlor, Van Harwood, after returning from a two month winter vacation, relieved her of many tasks. At about the same time, Harwood hired a young relative to do miscellaneous office work. Relator claimed that Harwood made her feel unwelcome and asked for her resignation.

On July 5, 1984, the Harwoods filed a petition seeking dissolution of the corporation or, in the alternative, an order requiring either of the shareholder groups to buy the share of the other. On July 13, after a period of negotiation, a settlement agreement and release was entered into by relator, her father and the Harwoods. At the same time, relator signed a resignation from her employment.

When relator claimed unemployment compensation benefits, Harwood testified that her work was unsatisfactory. He said that she improperly prepared financial reports and caused problems with dealers. He also testified that his petition for dissolution or buy-out was prompted by a clash in personalities, and that he never asked relator to resign.

A Department of Economic Security referee found that relator left her employment for good cause attributable to the employer. Upon review of the record, the Commissioner reversed the decision of the referee and found that relator's resignation was voluntary and without good cause attributable to the employer.

## ISSUES

1. Did the Commissioner of Economic Security err in finding that relator's resignation was voluntary?

2. Was it error to find that the resignation was without good cause attributable to her employer?

## ANALYSIS

The Commissioner affirmed the findings of the referee, but reversed the referee's interpretation of those findings. Both the referee and the Commissioner determined that relator voluntarily quit her employment. The referee held that the separation was with good cause attributable to the employer. The Commissioner determined that conduct of the employer did not constitute good cause for resignation and that relator was, therefore, ineligible for the receipt of employment compensation benefits.

■ 1. On the question of voluntariness, the Commissioner's representative concluded:

It is clear from the evidence that the employer was dissatisfied with the claimant and wanted to get rid of her but was powerless to do so because of the terms of the original agreement, and that he therefore petitioned the Court for relief. This situation is analogous to that of a director who wants to get rid of an employee but who has no power to do anything but recommend to the board of directors that the employee be discharged. In this case, the Court is analogous to a board of directors since it does have power to terminate the employment relationship by one means or another if the employer proves its case. It is a fair inference from the evidence that the employer's petition to the Court

was the catalyst that resulted in the claimant's sale to the employer and her resignation within a day or two after being served with the petition.

It has been uniformly held in Minnesota and elsewhere that when an employee chooses to leave the employment rather than have the employee's employment status determined by a board or other ultimate discharge authority, it is a voluntary quit without good cause attributable to the employer. See *Board of County Commissioners v. Dept. of Commerce*, 370 So.2d 1209 (Fla.App. 1979); *Ramirez v. Metro Waste Control Comm.*, 340 N.W.2d 355 (Minn.App. 1983); and *Seacrist v. City of Cottage Grove*, 344 N.W.2d 889 (Minn.App.1984). In the instant case, the claimant could have stayed in the employment and could have continued to draw her $1000.00 per month salary while the employer's petition was pending before the Court and until the Court reached a decision in the matter, which may or may not have been adverse to her continued employment. Since the claimant chose to terminate her employment on July 13, 1984, we * * * hold this to be a voluntary separation.

This analysis is proper.

Relator contends her separation was the result of a contract dispute, not her choice. It is true that the employment contract was woven into a stock purchase transaction. Nevertheless, relator made business decisions about the dispute that included a choice to resign her employment.

■ 2. Relator argues that difficult working conditions created good cause for her resignation. She seeks to have the decision of the referee reinstated.

The Commissioner's representative concluded:

An employee who voluntarily separates from employment is disqualified for benefits under Minnesota Statutes § 268.09, Subdivision 1(1) quoted by the Referee, unless the employee is able to prove that it was for good cause attributable to the employer. The employee's burden of proof is by the greater weight of the

evidence. *Marz v. University of MN Hospital & Dept. of Empl. Svcs.*, 256 N.W.2d 287 (Minn.1977). * * *

Essentially, from the evidence, the claimant quit because there was a personality conflict between her and the employer which resulted in the employer (1) making it clear that he wanted to get rid of the claimant, (2) not talking to her, and (3) greatly reducing her work duties. However, *Cooper v. University of Michigan*, 100 Mich.App. 99, 298 N.W.2d 677 (1980) specifically holds that an employee who resigned because she did not have enough work to keep her busy, but was paid her full salary, had voluntarily quit without good cause attributable to the employer; and the recent case of *Foy v. J.E.K. Industries*, 352 N.W.2d 123 (Minn. App.1984), holds that an employee who has "irreconcilable differences" with the employer or who has a personality conflict with the employer and is unhappy with the relationship between them does not have good cause for quitting attributable to the employer; and *Board of County Commissioners*, supra, *Ramirez*, supra, and *Seacrist*, supra, all hold that quitting to avoid a possible discharge does not constitute the requisite good cause.

The record fails to show that the employer was arbitrary or unreasonable in its relationship with the claimant, and there is no evidence of a violation of a duty which the employer owed to the claimant as an employee. The claimant has failed to show good cause attributable to the employer for the voluntary separation from work.

We endorse these conclusions.

Relator contends the employer was guilty of harassment. We conclude that there is evidence reasonably tending to sustain the Commissioner's finding that the employer's conduct was not arbitrary. The situation was properly viewed as one of a personality conflict and a judgment of the employer that relator's job performance was inadequate.

## DECISION

Relator voluntarily resigned from her employment with Vanlor Investments without good cause attributable to her employer and is disqualified from the receipt of unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1(1).

Affirmed.