STATE of Minnesota, Respondent,

v.

Leslie James HAATAJA, Appellant.

No. C1–99–1414.

Court of Appeals of Minnesota.

May 16, 2000.

Review Denied July 25, 2000.

John M. Stuart, State Public Defender, Rochelle R. Winn, Assistant State Public Defender, Minneapolis, MN (for appellant).

Mike Hatch, Attorney General, St. Paul, MN; and Joseph A. Evans, Becker County Attorney, Karen Skoyles, Assistant County Attorney, Detroit Lakes, MN (for respondent).

Considered and decided by HARTEN, Presiding Judge, LANSING, Judge, and DAVIES, Judge.

## OPINION

HARTEN, Judge.

Appellant challenges his conviction of aggravated DWI, arguing that the officer seized him without reasonable, individualized suspicion that appellant was engaged in criminal activity, when the officer demanded that appellant stop and talk with him. Because we conclude that the officer articulated sufficient reasons for the stop, we affirm.

## FACTS

On March 21, 1999, at 1:33 a.m., Detroit Lakes police officer Mike Engum observed a car driven by appellant Leslie James Haataja traveling at a very slow speed with two cars behind it. Engum followed appellant's car for approximately a quarter of a mile and observed appellant turn into a driveway.

Engum followed appellant's car into the driveway and parked behind it. Appellant and two passengers exited the car and began walking toward the house. Engum had to ask appellant three times to stop and talk to him before he stopped. Engum noticed signs of intoxication in appellant and observed three half-full bottles of beer in appellant's car. Appellant told him he had been at a bar and had just consumed a shot of tequila. Appellant failed several field sobriety tests.

Appellant was charged with aggravated DWI. At the omnibus hearing, he moved to suppress all inculpatory evidence, asserting that Engum did not have reasonable articulable suspicion to stop him. The district court denied his motion. On stipulated facts, appellant was convicted of aggravated DWI in violation of Minn.Stat. § 169.129 (1998). This appeal followed.

## ISSUE

Did the officer articulate sufficient reasons for the stop?

## ANALYSIS

When reviewing pretrial orders on motions to suppress evidence, we may independently review the facts and determine, as a matter of law, whether the district court erred in suppressing— or not suppressing—the evidence. *State v. Harris*, 590 N.W.2d 90, 98 (Minn. 1999) (citation omitted). When the facts are not disputed, we must determine whether a police officer's actions constituted a seizure and if, as a matter of law, the officer articulated an adequate basis for the seizure. *Id.*

A brief investigatory stop of a person is lawful if the officer is able to articulate a "particularized and objective basis for suspecting the particular person stopped of criminal activity." *State v. Sanger*, 420 N.W.2d 241, 242 (Minn.App. 1988) (quoting *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981)).

The officer may justify his decision to seize a person based on the totality of the circumstances and may draw inferences and deductions that might elude an untrained person.

*Harris*, 590 N.W.2d at 99 (quoting *State v. Cripps*, 533 N.W.2d 388, 391 (Minn.1995)). The stop must not be based on mere whim, caprice, or idle curiosity. *Marben v. Dept. of Public Safety*, 294 N.W.2d 697, 699 (Minn.1980) (quotation omitted).

Appellant argues that slow driving, without more, did not provide Engum with an adequate basis to investigate. "The factual basis required to support a stop is minimal, and an actual violation is not necessary." *Klotz v. Commissioner of Pub. Safety*, 437 N.W.2d 663, 665 (Minn. App.1989), *review denied* (Minn. May 24, 1989). Minn.Stat. § 169.15 (1998) provides:

No person shall drive a motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in com-

pliance with law or except when the vehicle is temporarily unable to maintain a greater speed due to a combination of the weight of the vehicle and the grade of the highway.

At the omnibus hearing, Engum testified that (1) he observed appellant's vehicle traveling at a "very slow rate of speed" in the opposite direction; (2) he estimated appellant was traveling 15–20 miles per hour where the speed limit was 30 miles per hour; (3) traffic was backed up behind appellant; (4) the reduced speed was unnecessary either for the safe operation of appellant's car or to comply with temporary restrictions or construction; (5) he observed appellant driving slowly for a quarter of a mile, which was, in his experience, longer than the usual slowdown required to make a turn.

On these facts, we conclude that Engum's police experience and observation of unusually slow driving that impeded traffic in a residential neighborhood in the early morning hours supported his reasonable, articulable suspicion that appellant was somehow impaired. Engum's investigation was not based on mere whim, caprice, or idle curiosity.

### DECISION

Because we find that the investigating officer articulated an adequate basis to stop appellant, we affirm.

**Affirmed.**