**Ryan Lee DUNCAN, petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. A03–1414.**

Court of Appeals of Minnesota.

July 27, 2004.

Mark D. Kelly, St. Paul, MN, for appellant.

Mike Hatch, Attorney General, Kyle R. Gustafson, Assistant Attorney General, St. Paul, MN, for respondent.

Considered and decided by SHUMAKER, Presiding Judge; PETERSON, Judge; and STONEBURNER, Judge.

## OPINION

PETERSON, Judge.

In this appeal from an order sustaining the revocation of his driver's license under the implied-consent law, appellant argues that the district court erred as a matter of law when it concluded that the police officer who saw appellant drive on the right shoulder of a roadway to pass vehicles on the right had a lawful basis for stopping appellant. Because we conclude that driving on the shoulder of a roadway to pass a vehicle on the right violates Minn.Stat. § 169.18, subd. 4(4) (2002), and, therefore, that the officer's observations provided an adequate basis for stopping appellant, we affirm.

## FACTS

Mille Lacs County Deputy Sheriff Terry Boltjes was traveling west on a two-lane state highway when the vehicle ahead of him slowed down to turn left. As Boltjes slowed to a stop behind the turning vehicle, he saw appellant Ryan Lee Duncan's pickup truck approach from behind. Along the right side of Boltjes's vehicle, there was a right-turn lane for a road that went north. At the beginning of the right-turn lane, there was a break in the fog line on the north side of the highway. After the break, there was a solid white line between the lane that Boltjes's vehicle was in and the right-turn lane. The solid white line extended to the intersection with the northbound road, and there was a break in the line at the intersection. The fog line began again immediately after the intersection and ran along the north side of the

lane that Boltjes's vehicle was in. There was a paved shoulder along the north side of the highway.

Boltjes saw appellant's truck enter the right-turn lane and pass the squad car. But appellant did not turn right; he drove straight through the intersection. Appellant's truck was to the right of the fog line after appellant cleared the intersection. Boltjes saw appellant's truck cross over the fog line and merge back into the lane that Boltjes's vehicle was in and continue traveling west.

Boltjes believed that appellant had unlawfully passed on the right and stopped appellant's vehicle. Boltjes ultimately arrested appellant for driving while impaired, and respondent Commissioner of Public Safety revoked appellant's driving privileges under the implied-consent law.

Appellant sought judicial review of the revocation, and a joint omnibus and implied-consent hearing was held. Appellant argued that the license revocation must be rescinded because he lawfully passed Boltjes on the right without violating Minn.Stat. § 169.18, subd. 4 (2002), and, therefore, Boltjes did not have a reasonable, articulable suspicion to stop appellant's vehicle. The district court found that appellant violated Minn.Stat. § 169.18, subd. 4(4), and that appellant was properly stopped. The district court affirmed the revocation. This appeal followed.

## ISSUE

Does driving on the shoulder of a roadway to pass a vehicle on the right violate Minn.Stat. § 169.18, subd. 4(4) (2002)?

## ANALYSIS

When an appellate court reviews a stop based on given facts, whether the stop was valid is purely a legal determination, and the appropriate approach to reviewing the case is "to simply analyze the testimony of the officer and determine

whether, as a matter of law, his observations provided an adequate basis for the stop." *Berge v. Comm'r of Pub. Safety*, 374 N.W.2d 730, 732 (Minn.1985).

"A stop is lawful if the officer is able to articulate at the revocation hearing (or at the omnibus hearing in a criminal prosecution) that he had a particularized and objective basis for suspecting the particular persons stopped of criminal activity." *Id.* (quotation omitted). "The factual basis required to support a stop is minimal, and an actual violation [of the law] is not necessary." *State v. Haataja*, 611 N.W.2d 353, 354 (Minn.App.2000) (quotation omitted), *review denied* (Minn. July 25, 2000). Whether a statute has been properly construed is a question of law subject to de novo review. *State v. Murphy*, 545 N.W.2d 909, 914 (Minn.1996).

Appellant does not contest the facts surrounding the stop of his vehicle; he argues that the district court erred when it found that he violated Minn.Stat. § 169.18, subd. 4(4) (2002). Therefore, appellant contends, because he did not commit a traffic violation, Boltjes had no lawful basis to stop his vehicle.

The district court found that by traveling on the shoulder of the roadway to pass the vehicles turning left, appellant violated Minn.Stat. § 169.18, subd. 4(4), which states, "the driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. In no event shall such movement be made by driving off the pavement or main-traveled portion of the roadway." Minn.Stat. § 169.18, subd. 4(4).

Appellant argues that the evidence establishes that he safely passed the cars in question without leaving the pavement or the main-traveled portion of the roadway. Appellant contends that the break in the fog line on the right side of the highway before the intersection established a separate lane for proceeding around vehicles stopped on the highway waiting to make a left turn, and no signs or markers indicated that the lane is a turn lane.

But appellant's argument does not acknowledge the statutory definitions of words used in Minn.Stat. § 169.18, subd. 4(4), and does not account for his driving conduct after he passed through the intersection. For the purposes of chapter 169, " 'Roadway' means that portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the sidewalk or shoulder." Minn.Stat. § 169.01, subd. 31 (2002). " 'Shoulder' means that part of a highway which is contiguous to the regularly traveled portion of the highway and is on the same level as the highway. The shoulder may be pavement, gravel, or earth." Minn.Stat. § 169.01, subd. 73 (2002).

Under these definitions, the paved shoulder along the north side of the highway where appellant was stopped was not part of the roadway. After appellant passed Boltjes and went through the intersection, Boltjes saw appellant driving to the right of the fog line on the paved shoulder before returning to the lane that Boltjes's vehicle was in and continuing west. Therefore, because the paved shoulder was not part of the roadway, and Minn.Stat. § 169.18, subd. 4(4), provides that in no event shall a driver pass another vehicle on the right by driving off the main-traveled portion of the roadway, Boltjes articulated a particularized and objective basis for believing that appellant violated Minn.Stat. § 169.18, subd. 4(4).

Appellant argues that the phrase "main-traveled" applies to nonpaved roads and does not mean the marked lane, and, therefore, on rural roadways with wide shoulders and fog lines, a driver may cross over a fog line to pass on the right provided that the driver does not leave the paved roadway. But the statutory definition of

roadway explicitly states that the shoulder is not part of the roadway, and the statutory definition of shoulder explicitly states that the shoulder may be pavement, gravel, or earth. Therefore, driving on the shoulder to pass a vehicle on the right violates Minn.Stat. § 169.18, subd. 4(4), even if the shoulder is paved. *See* Minn. Stat. § 645.16 (2002) ("When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.").

## DECISION

Because driving on the shoulder to pass a vehicle on the right violates Minn.Stat. § 169.18, subd. 4(4), Boltjes articulated a particularized and objective basis for suspecting appellant of criminal activity, and Boltjes's observations of appellant's driving provided an adequate basis for stopping appellant.

**Affirmed.**