*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1912**

State of Minnesota,
Respondent,

vs.

Paul Joseph Hager,
Appellant.

**Filed September 8, 2015
Reversed
Stauber, Judge**

Marshall County District Court
File No. 45-CR-12-452

Lori Swanson, Attorney General, Michael Everson, Assistant Attorney General, St. Paul, Minnesota; and

Donald J. Aandal, Marshall County Attorney, Warren, Minnesota (for respondent)

John D. Ellenbecker, St. Cloud, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Stauber, Judge; and Klaphake, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**STAUBER**, Judge

On appeal from his conviction of being a felon in possession of a firearm, appellant argues that the district court erred by denying his motion to suppress evidence seized after he was stopped for a minor traffic violation, arguing that he was held for an unreasonable length of time before being arrested. We reverse.

**FACTS**

On November 5, 2012, a vehicle driven by appellant Paul Hager was stopped for speeding by Sergeant Calvin Michaels of the Minnesota State Patrol. As Sergeant Michaels explained to appellant the basis for the stop, he noticed a "blaze orange hunting jacket" and a large gun case in plain view on the back seat of appellant's vehicle. Sergeant Michaels asked appellant if there was a gun in the case and appellant confirmed that there was.

Because he had arrested appellant for controlled-substance crimes in the past, and he knew that appellant had been prosecuted for those offenses, Sergeant Michaels suspected that appellant was ineligible to possess the firearm due to his criminal history. Sergeant Michaels then returned to his squad car and made two calls in an effort to determine whether appellant was prohibited from possessing the firearm. However, neither phone call resulted in a definitive answer.

After making the phone calls, Sergeant Michaels again approached appellant's vehicle to further discuss the matter. Sergeant Michaels acknowledged that it was "taking a while" for him to determine if appellant "can legally possess a firearm."

2

Sergeant Michaels then told appellant that if he could not get a definitive answer relating to whether appellant could lawfully possess the firearm, he wanted to "take a look at the gun, take the serial number off and stuff." Sergeant Michaels also gave appellant a warning for the traffic offenses "because of the inconvenience and the time it's taken" to investigate the firearm issue. But Sergeant Michaels told appellant that he wanted to further investigate the matter before he got appellant "on [his] way."

Sergeant Michaels returned to his squad car and made several more phone calls, including calls to a probation officer, the Marshall County Attorney's Office, and the Marshall County Sheriff's Office. Although these calls yielded information indicating that appellant was likely ineligible to possess the firearm, Sergeant Michaels still did not believe that he had a definitive answer. Sergeant Michaels then approached appellant's vehicle again and told appellant that he was probably going to be arrested for possessing the firearm. Sergeant Michaels also took appellant's firearm and placed it in his squad car for officer safety.

After Sergeant Michaels confirmed that appellant was ineligible to possess the firearm, he arrested appellant. The arrest occurred approximately one hour and 45 minutes after the initial stop.

Appellant was charged with being a felon in possession of a firearm, obstructing arrest, and possession of drug paraphernalia. He moved to suppress the evidence seized from his vehicle following the traffic stop on the basis that once Sergeant Michaels issued the warnings for the traffic violations, he lost his authority to detain appellant any longer. The district court denied the motion, concluding that Sergeant Michaels "pursued a

3

reasonable and diligent means of investigation that was likely to confirm or dispel his suspicions regarding" appellant being ineligible to possess the firearm. Following a trial on stipulated facts under Minn. R. Crim. P. 26.01, subd. 4, the district court found appellant guilty of being a felon in possession of a firearm and possession of drug paraphernalia, but not guilty of obstructing arrest. The district court then stayed execution of sentence and placed appellant on probation for five years. This appeal followed.

## D E C I S I O N

When reviewing a pretrial order on a motion to suppress evidence, we review the district court's factual findings under a clearly erroneous standard and the legal determinations de novo. *State v. Ortega*, 770 N.W.2d 145, 149 (Minn. 2009). When the facts are not in dispute, we independently review the facts and determine whether the evidence needs to be suppressed as a matter of law. *Id.*

The United States and Minnesota Constitutions prohibit warrantless searches and seizures, subject to limited exceptions. U.S. Const. amend. IV; Minn. Const. art. I, § 10. "In general, the state and federal constitutions allow an officer to conduct a limited investigatory stop of a motorist if the state can show that the officer had a particularized and objective basis for suspecting the particular person stopped of criminal activity." *State v. Anderson*, 683 N.W.2d 818, 822-23 (Minn. 2004) (quotation omitted). "The factual basis required to support a stop is minimal." *State v. Haataja*, 611 N.W.2d 353, 354 (Minn. App. 2000) (quotation omitted), *review denied* (Minn. July 25, 2000). "Generally, if an officer observes a violation of a traffic law, no matter how insignificant

4

. . ., that observation forms the requisite particularized and objective basis for conducting a traffic stop." *Anderson*, 683 N.W.2d at 823.

A routine traffic stop is more like a brief stop under *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct 1868 (1968) than an arrest. *Rodriguez v. United States*, 135 S. Ct. 1609, 1614 (2015). Its tolerable duration is determined by the seizure's "mission," which is to address the traffic violation that warranted the stop. *Id.* But a stop may be expanded in scope or duration if an officer has a reasonable, articulable suspicion of other criminal activity. *State v. Fort*, 660 N.W.2d 415, 419 (Minn. 2003). An investigative stop must be temporary and cannot last longer than is necessary to achieve the purpose of the stop. *State v. Wiegand*, 645 N.W.2d 125, 135 (Minn. 2002).

Appellant does not challenge the basis, or the expansion, of the initial stop. But appellant argues that the length of the detention, which lasted more than an hour and 45 minutes, was unreasonable. Thus, appellant argues that the district court erred by denying his suppression motion.

We agree. "A constitutionally permissible traffic stop can become unlawful . . . if it is prolonged beyond the time reasonably required to complete its purpose." *United States v. Peralez*, 526 F.3d 1115, 1119 (8th Cir. 2008) (quotation omitted). Although there is no rigid time limit on an investigative detention, "it is clear that the brevity of the invasion . . . is an important factor in determining whether the seizure is so minimally intrusive as to be justifiable on reasonable suspicion." *United States v. Sharpe*, 470 U.S. 675, 685, 105 S. Ct. 1568, 1575 (1985) (quotation omitted). And, as the Supreme Court noted, "we have never approved a seizure of the person for the prolonged 90–minute

5

period involved here" and we "cannot do so on the facts presented by this case." *United States v. Place*, 462 U.S. 696, 709-10, 103 S. Ct. 2637, 2646 (1983).

Here, the record reflects that the initial stop was lawfully expanded due to Sergeant Michael's suspicion that appellant may be ineligible to possess the firearm. But this simple inquiry turned into a seizure lasting more than one hour and 45 minutes because Sergeant Michaels was unsure of the law and unable to obtain prompt or timely confirmation of appellant's status as a convicted felon or his right to possess his hunting rifle. The length of the stop significantly exceeded the 90-minute period discussed by the United States Supreme Court in *Place*, and in this age of modern technology, we cannot conclude that the length of the seizure was reasonable under the circumstances.

We also note that Sergeant Michaels had the option of releasing appellant and retaining his firearm while he investigated appellant's eligibility to possess the gun. *See, e.g.*, *Schubert v. City of Springfield*, 589 F.3d 496, 503 (1st Cir. 2009) (when after five minutes of checking, officer was unable to confirm validity of detainee's gun license due to the lack of a centralized database, officer told detainee he was free to go and could retrieve his gun and gun license from the police department at a later time). In fact, the record reflects that Sergeant Michaels seized appellant's firearm for officer safety long before he was arrested. But the record also reflects that despite being unable to quickly ascertain whether appellant was eligible to possess the firearm, Sergeant Michaels waited until appellant had been seized for almost an hour before he took possession of the gun. If, as in *Schubert*, Sergeant Michaels had taken possession of the firearm sooner and let appellant go on his way while he investigated the eligibility issue, the detention of

6

appellant's firearm would not have interfered with appellant's freedom and would have been consistent with the Supreme Court's admonition that the "investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." *Florida v. Royer*, 460 U.S. 491, 500, 103 S. Ct. 1319, 1325-26 (1983).

In sum, one hour and 45 minutes significantly exceeds the 90-minute limit established by the United States Supreme court in *Place*, and we cannot approve such an extended seizure. Accordingly, we conclude that the district court erred by denying appellant's motion to suppress.

**Reversed.**