Sharon L. KERN, Relator,

v.

SAVANNA GOLF & SUPPER CLUB, Commissioner of Jobs and Training, Respondents.

No. C0–86–2151.

Court of Appeals of Minnesota.

May 19, 1987.

Sharon L. Kern, pro se.

Savanna Golf & Supper Club, pro se.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for Com'r of Jobs and Training.

Considered and decided by CRIPPEN, P.J., FOLEY, and LESLIE, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

This appeal arises from a determination by the Commissioner of Jobs and Training that relator did not earn a sufficient number of credit weeks within her base period to qualify for unemployment compensation benefits. We affirm.

## FACTS

Relator Sharon Kern worked as a waitress for respondent Savanna Golf & Supper Club during her base period, earning an hourly wage plus tips. She reported her tips to Savanna on a monthly basis, and Savanna had no record of the weekly amount of tips Kern received.

When relator left Savanna, she applied for unemployment compensation. Savanna contested Kern's eligibility for benefits, claiming that she had not earned a sufficient number of credit weeks during her base period.[1] To support its position, Savanna broke down Kern's monthly tip figures to arrive at weekly figures, prorating her tips according to the number of hours Kern had worked each week. Savanna then added the weekly tip figures to relator's weekly wages and determined that she had not earned $103 or more in 15 weeks. Based upon Savanna's figures, the Department disallowed Kern's claim for benefits.

Relator contested the Department's determination, and a field audit was conducted. Kern submitted a breakdown of her monthly tips, allocating tips to selected weeks such that she was able to show a sufficient number of credit weeks to qualify for benefits. The field auditor accepted relator's figures and approved her claim for benefits and, on appeal, a Department referee affirmed the field auditor's determination. Savanna appealed to a Commissioner's representative, who found several discrepancies in Kern's figures and determined that she had padded certain weeks with tips to come up with a sufficient number of credit weeks. The representative concluded there was no credible evidence to support any approach other than Savanna's and, based upon Savanna's figures, disallowed relator's claim for benefits.

## ISSUES

1. Is Kern entitled to benefits despite the Commissioner's ruling, in light of the statutory "double affirmation clause?"

2. Did the Commissioner's representative improperly consider new evidence that was not already part of the record?

3. Did the Commissioner properly determine that Kern had not earned 15 or more credit weeks in her 1985 base period?

---

1. Minn.Stat. § 268.07, subd. 2 (1986) provides:
   If the commissioner finds that an individual has earned 15, or more, credit weeks within the base period of employment * * *, benefits shall be payable to such individual * * * as follows * * *.
   "Credit week" is defined as:

   any week for which wages * * * equal or exceed 30 percent of the average weekly wage computed to the nearest whole dollar * * *.
   *Id.* § 268.04, subd. 29.
   In 1985 an employee was required to earn $103 or more per week to qualify for a credit week.

## ANALYSIS

### 1. *Double Affirmation Clause*

■ The validity of relator's claim for benefits was initially determined by a field auditor in her favor, and that decision was affirmed on appeal to the referee. We note that Minn.Stat. § 268.10, subd. 2(6) (1986) provides:

If a referee's decision affirms an initial determination awarding benefits * * * the decision, if finally reversed, shall not result in a disqualification and benefits paid shall neither be deemed overpaid nor shall they be considered in determining any individual employer's future contribution rate * * *.

Nevertheless, the Commissioner argues this case is not governed by the double affirmation clause and, after examining the statute, we agree. The plain language of the statute refers to "disqualification," and not "eligibility" determinations. In other sections of the chapter governing unemployment compensation, the legislature has distinguished between the validity of a claim for benefits and a claimant's disqualification from receiving those benefits. If the double affirmation clause is to be expanded to cover eligibility, as well as disqualification disputes, the determination must be by the legislature.

### 2. *New Evidence*

■ Relator alleges Savanna submitted new wage information to the Commissioner's representative that had not been previously considered by the referee. The record supports this allegation; however, there is no indication that the representative actually considered this new evidence when making his decision. Rather, each of his findings and conclusions is supported by the evidence which was submitted to the referee. This court stated in *Portz v. Pipestone Skelgas*, 397 N.W.2d 12 (Minn.Ct. App.1986):

The representative's written findings and conclusions refer to record evidence only, and we base our decision on that same evidence. Any additional evidence which might have been improperly submitted does not affect our determination that

Portz did not have good cause to resign from Pipestone.

* * * * * *

Remand is unnecessary, because any new evidence which the Commissioner might have improperly received was not prejudicial.

*Id.* at 14. Here, also, it is not evident the Commissioner's representative relied on the new evidence, and we do not find that it was prejudicial.

### 3. *Commissioner's Findings*

This court's standard of review of the Commissioner's findings of fact is limited to determining whether there is evidence in the record that reasonably tends to support those findings. *White v. Metropolitan Medical Center*, 332 N.W.2d 25, 26 (Minn. 1983). The evidence must be reviewed in the light most favorable to the findings, *id.*, and the court may not reweigh the evidence to determine where the preponderance lies. *Nyberg v. R.N. Cardozo & Brother, Inc.*, 243 Minn. 361, 364, 67 N.W.2d 821, 823 (1954). Deference should be paid to the Commissioner's determinations regarding credibility. *Cary v. Custom Coach, Inc.*, 349 N.W.2d 331, 332 (Minn.Ct.App.1984).

■ Here, the Commissioner's representative made a credibility determination in Savanna's favor, based upon evidence submitted by both parties. In support of this determination, the representative made specific findings, which are supported by the record. The representative also determined that Savanna's method of prorating tips on a weekly basis was proper, since Kern did not submit any credible evidence allocating the monthly tip totals to specific weeks. We agree that utilization of Savanna's method of calculation was proper under the circumstances, and that those calculations indicate relator did not earn a sufficient number of credit weeks to qualify for unemployment compensation benefits.

## DECISION

The double affirmation clause is not applicable to appeals involving eligibility dis-

putes. New evidence submitted on appeal to the Commissioner's representative was not prejudicial. The Commissioner properly determined that relator had not earned a sufficient number of credit weeks during her base period to be eligible for unemployment compensation benefits.

Affirmed.