Travis Jonathan SCHULZ,
petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. A08–0440.

Court of Appeals of Minnesota.

Feb. 10, 2009.

Samuel A. McCloud, Carson J. Heefner, McCloud & Heefner, P.A., Shakopee, MN, for appellant.

Lori Swanson, Attorney General, Jeffrey S. Bilcik, Assistant Attorney General, St. Paul, MN, for respondent.

Considered and decided by LARKIN, Presiding Judge; HUDSON, Judge; and COLLINS, Judge.*

## OPINION

LARKIN, Judge.

Appellant challenges the district court's decision sustaining the revocation of his driving privileges. Appellant argues that the district court erred by concluding that his right to an additional test was not violated. Because appellant did not assert his right to an additional test, his right to an additional test was not violated. We therefore affirm.

## FACTS

On June 9, 2007, Officer Todd Erickson stopped appellant Travis Schulz and arrested him for driving while intoxicated. Officer Erickson read appellant the implied-consent advisory form. As Officer Erickson read the form, appellant twice stated that he wanted a blood test. Officer Erickson explained that he was only offering a urine test and that if appellant refused, he would offer a breath test. While appellant informed Officer Erickson that he wanted a blood test instead of a urine test, appellant said nothing about desiring an additional, different form of testing after he submitted to the urine

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

test. Officer Erickson did not advise appellant that he could obtain an additional test or ask appellant whether he wanted to arrange an additional test.

Appellant's urine test indicated an alcohol concentration over .08, and appellant's driver's license was subsequently revoked. Appellant challenged his license revocation at an implied-consent hearing, arguing that his right to an independent test was violated. Appellant contended that Officer Erickson was on notice that appellant wanted a blood test. Appellant argued that Officer Erickson violated appellant's right to an additional test by failing to advise appellant of the right to an additional test and by failing to provide a telephone for the purpose of arranging an additional test. Following a hearing at which Officer Erickson testified, the district court sustained the revocation of appellant's driving privileges. The district court concluded that although appellant requested a blood test as an alternative to the urine test offered by Officer Erickson, appellant never requested a test in addition to the urine test. The district court further concluded that Officer Erickson did not unlawfully prevent or deny an additional test. This appeal follows.

## ISSUE

Was appellant denied his statutory right to an additional chemical test?

## ANALYSIS

■ A person who operates a motor vehicle in Minnesota consents to a state-administered chemical test of that person's blood, breath, or urine for the purpose of determining the presence of alcohol. Minn.Stat. § 169A.51, subd. 1(a) (2006). A peace officer who requires such a test has the authority to decide whether the test is of blood, breath, or urine. *Id.*, subd. 3

(2006). The statute provides a limited right to additional testing as follows:

> The person tested has the right to have someone of the person's own choosing administer a chemical test or tests in addition to any administered at the direction of a peace officer; provided, that the additional test sample on behalf of the person is obtained at the place where the person is in custody, after the test administered at the direction of a peace officer, and at no expense to the state. The failure or inability to obtain an additional test or tests by a person does not preclude the admission in evidence of the test taken at the direction of a peace officer *unless the additional test was prevented or denied by the peace officer.*

*Id.*, subd. 7(b) (2006) (emphasis added). The additional test is available only to those who first submit to the state's test. *State v. Larivee*, 656 N.W.2d 226, 229–30 (Minn.2003) (interpreting a statute equivalent to section 169A.51, subdivision 7(b)).

■ The issue on appeal is whether the arresting officer unlawfully prevented or denied appellant's right to obtain an additional chemical test. This issue includes both questions of law and of fact. *Haveri v. Comm'r of Pub. Safety*, 552 N.W.2d 762, 765 (Minn.App.1996), *review denied* (Minn. Oct. 29, 1996). The district court's findings of fact must be sustained unless clearly erroneous, but this court reviews de novo whether, as a matter of law, the driver's right to an independent test was prevented or denied. *Id.* Findings of fact are clearly erroneous when they are "manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *Tonka Tours, Inc. v. Chadima*, 372 N.W.2d 723, 726 (Minn. 1985).

Our initial inquiry is whether the district court's finding that appellant never re-

quested an additional test is clearly erroneous. It is not. Appellant twice requested a blood test when Officer Erickson asked for appellant's consent to a urine test. But as the district court found, appellant said nothing regarding any form of additional testing after appellant submitted to the urine test. Appellant does not dispute the accuracy of these findings.

Instead, appellant contends that there is no difference between a driver's request for a test that is different from that which is offered by a peace officer and a request for a test in addition to that which is offered by the peace officer. Appellant further contends that all that should be required is that the officer be placed on notice that the driver wants a test different from the test offered by the peace officer. Appellant urges us to hold that a driver's request for any test should be interpreted broadly as a request for a test in addition to the one administered by the peace officer and should require the peace officer to clarify the driver's desire to obtain an additional test, to explain the right to an additional test, and to provide access to a telephone for the purpose of arranging an additional test. Finally appellant contends that a "fair system" requires that an arrestee be informed of the right to an additional test. We reject appellant's contentions because they are inconsistent with law.

■ The plain language of Minn.Stat. § 169A.51, subd. 7(b), grants a driver the right to "a chemical test or tests *in addition to* any administered at the direction of the peace officer." (Emphasis added.) The driver has a right to an additional test, not an alternative test. *See Forrest v. Comm'r of Pub. Safety,* 366 N.W.2d 371, 372 (Minn.App.1985) (holding that a driver does not have a right to select the type of test), *review denied* (Minn. June 27, 1985). And an officer is not required to inform a driver of the right to an additional test.

*Ruffenach v. Comm'r of Pub. Safety,* 528 N.W.2d 254, 256–57 (Minn.App.1995). Effective in 1993, the Minnesota Legislature amended the implied-consent advisory to remove language informing drivers of their right to additional independent chemical testing. 1992 Minn. Laws ch. 570, art. 1, § 16. Following this change, we rejected a due-process challenge to the new advisory and held that an officer's legal obligation ends when the officer reads a driver the advisory required by law. *Ruffenach,* 528 N.W.2d at 257. We stated that "any lack of information is cured by the [driver's] limited right to consult with counsel." *Id.* at 256.

■ Moreover, an officer does not need to furnish supplies or transportation to facilitate an additional test. *State v. Hatlestad,* 347 N.W.2d 843, 845 (Minn. App.1984). Nor is an officer required to talk to a doctor on the phone to arrange an additional test. *Frost v. Comm'r of Pub. Safety,* 348 N.W.2d 803, 805 (Minn. App.1984). And an officer has no duty to ask whether a driver wishes to use the telephone to arrange an additional test. *Hager v. Comm'r of Pub. Safety,* 382 N.W.2d 907, 911–12 (Minn.App.1986). Other than providing a telephone, an officer has no obligation to assist a driver to obtain an additional test. *Theel v. Comm'r of Pub. Safety,* 447 N.W.2d 472, 474 (Minn. App.1989), *review denied* (Minn. Jan. 8, 1990). Because the law significantly limits a peace officer's obligations with regard to a driver's exercise of the statutory right to an additional test, we reject appellant's contention that a peace officer should interpret a driver's request for any test as a request for a test in addition to that which is offered by the peace officer.

■ We next consider whether appellant's right to an additional chemical test was violated. An individual's right to an additional test is not violated unless a peace office prevents or denies the addi-

tional test. Minn.Stat. § 169A.51, subd. 7(b). When determining whether an officer has prevented or denied an additional test, we "draw a distinction between an officer's *failing to assist* and an officer's *hampering* an attempt to obtain such a[n additional] test." *Haveri*, 552 N.W.2d at 765. A peace officer does not prevent or deny an additional test by failing to inform a driver of the right to an additional test, *Ruffenach*, 528 N.W.2d at 257, or by failing to arrange an opportunity for additional testing, *Hager*, 382 N.W.2d. at 911–12. And before an officer can be found to have prevented or denied an additional test, the driver must assert his right to additional testing. *See DeBoer v. Comm'r of Pub. Safety*, 406 N.W.2d 43, 44, 46 (Minn.App. 1987); *Przymus v. Comm'r of Pub. Safety*, 488 N.W.2d 829, 833 (Minn.App.1992) (stating that if a driver did not request an additional test, the officer could not have prevented the driver's attempt to obtain one), *review denied* (Minn. Sept. 15, 1992). Finally, a request for a test that is different from that which is offered by the peace officer, in and of itself, is not equivalent to a request for a test in addition to that which is offered by the peace officer. *See DeBoer*, 406 N.W.2d at 45–46 (concluding that when a driver requested a blood test in response to the peace officer's initial request that the driver take a breath test and did not renew his request for a blood test after taking the breath test, the driver did not assert his right to an additional test).

Appellant did not assert his right to an additional chemical test by requesting a blood test instead of the urine test that was offered by the peace officer. Because appellant did not assert his right to an additional test, we hold that the peace officer did not prevent or deny appellant an additional test.

Finally, we note that although the system might be perceived as "fairer" if drivers were informed of their statutory right to an additional test, the law does not require this advisory.[1] And "the task of extending existing law falls to the supreme court or the legislature, not to this court." *Lake Superior Ctr. Auth. v. Hammel, Green & Abrahamson, Inc.*, 715 N.W.2d 458, 472 n. 1 (Minn.App.2006), *review denied* (Minn. Aug. 23, 2006).

## DECISION

Because appellant did not assert his right to an additional test, the peace officer did not prevent or deny appellant an additional test. Accordingly, the district court did not err by determining that appellant's right to an additional test was not violated and by sustaining the revocation of appellant's driving privileges. We therefore affirm.

**Affirmed.**

---

1. While some law-enforcement agencies may choose to provide drivers with a form outlining the driver's right to an additional test and specifically inquiring whether the driver desires an additional test, nothing in the statute or our case law mandates this practice. And we have previously held that it is the duty of attorneys, not police officers, "to explain the extent and scope of the right to an additional test while the driver is in custody." *Davis v. Comm'r of Pub. Safety*, 509 N.W.2d 380, 387 (Minn.App.1993), *aff'd*, 517 N.W.2d 901 (Minn.1994). " 'An attorney, not a police officer, is the appropriate source of legal advice' regarding the alternative choices at the chemical testing stage of DWI proceedings." *Hotchkiss v. Comm'r of Pub. Safety*, 553 N.W.2d 74, 78 (Minn.App.1996) (quoting *Friedman v. Comm'r of Pub. Safety*, 473 N.W.2d 828, 833 (Minn.1991)), *review denied* (Minn. Oct. 29, 1996). Nevertheless, we view the use of such forms favorably because of their potential to reduce litigation regarding whether a driver requested an additional test.