*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0303**

State of Minnesota,
Respondent,

vs.

Michael James Berry,
Appellant.

**Filed January 26, 2015
Affirmed in part, reversed in part, and remanded
Reilly, Judge**

Ramsey County District Court
File No. 62SU-CR-12-3928

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Heather Monnens, Geck, Duea & Olson, PLLC, White Bear Lake, Minnesota (for respondent)

Brian P. Karalus, St. Paul, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Reilly, Judge; and Toussaint, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**UNPUBLISHED OPINION**

**REILLY**, Judge

On appeal from his driving while impaired (DWI) convictions, appellant Michael James Berry challenges the district court's denial of his motion to suppress evidence of the results of his breath test, arguing that the stop of his motorcycle was not supported by a reasonable, particularized suspicion of criminal activity on his part. Appellant also argues his statutory right to an additional chemical test was violated because he was not given an opportunity to exercise that right until more than three hours had passed since his arrest. We affirm the district court's order denying appellant's suppression motion, but reverse and remand to the district court with directions to vacate one of appellant's DWI convictions under Minn. Stat. § 609.04 (2012).

**FACTS**

On August 22, 2012, at approximately 1:09 a.m., White Bear Lake police officer Jon Sanders heard loud noises and revving engines, coming from two motorcycles traveling northbound on White Bear Avenue. Officer Sanders confirmed that the violation came from these two motorcycles because there was no other traffic on the road. Officer Sanders stopped the motorcycles in the parking lot of a nearby sports bar because the noise was in violation of a state statute and a city ordinance relating to muffler or motor vehicle noise, Minn. Stat. § 169.69 (2012), and White Bear Lake, Minn. City Ordinance § 703.070 (2013).

Officer Sanders approached the motorcycles and identified the driver of the Honda motorcycle as a "Mr. Gaetke," and the driver of the Harley-Davidson motorcycle

2

as appellant. Both men were asked which motorcycle was making the loud noise, and appellant admitted that the noise was coming from his "after-market motorcycle." Officer Sanders immediately noticed that appellant's breath smelled of alcohol and that his eyes were watery and bloodshot. Appellant admitted to consuming alcohol.

Based on the officer's training and previous experience with intoxicated people, he believed that appellant was under the influence of alcohol and administered field sobriety testing and a preliminary breath test. Due to appellant's conduct and performance on these tests, Officer Sanders believed that appellant was impaired and should not have been driving. At approximately 1:25 a.m., Officer Sanders arrested appellant and his friend for DWI and transported both to the White Bear Lake Police Department.

Appellant was read the implied consent advisory at approximately 1:50 a.m. Appellant indicated that he wanted to speak with an attorney, and an officer gave him a telephone and directory at 1:52 a.m. At approximately 2:00 a.m., appellant advised the officer that he had spoken to his attorney and he consented to a breath test. Appellant provided a sample at approximately 2:10 a.m., which measured a .10 alcohol concentration.

The state charged appellant with two gross misdemeanor counts of third-degree driving while intoxicated, in violation of Minn. Stat. §§ 169A.20, subd. 1(1), (5), 169A.26 (2012). Appellant filed pretrial motions seeking to suppress the evidence of his breath test on several grounds, including a *McNeely* challenge, and challenges to the stop of his motorcycle and whether his statutory right to an additional test was violated. A *Rasmussen* hearing was held on June 18, 2013, at which the police officer, the

3

correctional officer, and appellant testified. In an August 9, 2013 order, the district court denied appellant's suppression motions.

Appellant thereafter waived his right to a jury trial and agreed to a stipulated facts trial pursuant to Minn. R. Crim. P. 26.01, subd. 4, previously known as a *Lothenbach* proceeding.[1]

The officer testified that he transported appellant and his friend to the Ramsey County Law Enforcement Center (LEC) in St. Paul and booked appellant into jail at approximately 3:30 a.m. The officer believed that appellant asked for an additional test in the squad car on the way to jail, and that he told jail staff that appellant was requesting an additional test as he was being booked.

A correctional officer at the Ramsey County jail testified that he was on duty the morning that appellant was booked. The correctional officer confirmed that Officer Sanders informed him that appellant had requested an additional test. The correctional officer testified that when someone requests an additional test, his practice is to give them access to the phone as soon as he is done booking them. Appellant received a phone at 4:05 a.m., and the correctional officer dialed the number for an independent testing

---

[1] *State v. Lothenbach*, 296 N.W.2d 854 (Minn. 1980). In *Lothenbach*, the supreme court sanctioned a procedure whereby a defendant pleads not guilty, waives his right to a jury trial, and stipulates to the facts in the prosecutor's case. *Id.* at 857-58. "This procedure allows a defendant to appeal a pretrial issue when the material facts are not disputed." *State v. Knoll*, 739 N.W.2d 919, 921 (Minn. App. 2007).

company. The correctional officer testified that, according to his report, appellant was able to reach someone at the testing company.

Appellant claimed that he asked for an additional test while he was still at the White Bear Lake Police Department, after he submitted to the breath test. Appellant testified that his attorney had advised him to ask for an additional test. No second test was ever administered, however, and appellant did not explain why he did not obtain a second test.

The district court filed an order on December 24, 2013, making findings and conclusions, and adjudicating appellant guilty of both counts. According to the warrant of commitment and the district court register of actions, appellant was convicted of both third-degree DWI counts and was given concurrent sentences on each conviction. This appeal follows.

## DECISION

### I.

When reviewing a district court's decision on a motion to suppress evidence, we independently review the facts and determine whether, as a matter of law, the district court erred by not suppressing the evidence. *State v. Harris*, 590 N.W.2d 90, 98 (Minn. 1999).

An officer conducting an investigatory motor vehicle stop must be able to articulate a particular, objective basis for suspecting the person stopped of criminal activity. *State v. George*, 557 N.W.2d 575, 578 (Minn. 1997). The officer's suspicion must be more than a hunch, but even an insignificant traffic or equipment violation can

be sufficient to establish an objective basis for a stop. *Id.*; *see also State v. Johnson*, 444 N.W.2d 824, 825-26 (Minn. 1989). Minnesota requires all vehicles to be "equipped with a muffler in good working order," and this requirement is adopted by a White Bear Lake City ordinance. *See* Minn. Stat. § 169.69 (2012); White Bear Lake City Ordinance, Minn. § 703.070, subd. 3.B. An officer's suspicion that a muffler is faulty has been held to be a valid reason to initiate a stop. *See, e.g.*, *State v. Beardemphl*, 674 N.W.2d 430, 432 (Minn. App. 2004) (upholding search initiated due to loud muffler); *State v. Pierce*, 347 N.W.2d 829, 833 (Minn. App. 1984) (affirming conviction stemming from stop prompted by noisy muffler).

Appellant argues that the stop of his motorcycle violated the Fourth Amendment because the officer lacked reasonable suspicion to conduct a stop when it was clear that he did not know if the loud exhaust was coming from appellant's motorcycle or from the other motorcycle. Appellant asserts that without an individualized suspicion of criminal activity on appellant's part, the officer had "nothing more than a gambler's hunch."

As support for his position, appellant cites *Ascher v. Comm'r of Pub. Safety*, a supreme court case declaring unconstitutional the use of temporary roadblocks to stop large numbers of drivers in the hope of discovering evidence of alcohol-impaired driving. 519 N.W.2d 183, 187 (Minn. 1994). In *Ascher*, the supreme court held that such roadblocks violated the Minnesota Constitution because the state failed to articulate a persuasive reason for dispensing with the individualized suspicion requirement. *Id.*

The state counters that the district court properly held that reasonable, articulable suspicion of criminal activity supported the stop of appellant's motorcycle. We agree.

6

"The factual basis required to support a stop is minimal, and an actual violation is not necessary." *State v. Haataja*, 611 N.W.2d 353, 354 (Minn. App. 2000), *review denied* (Minn. July 25, 2000). The district court must "simply analyze the testimony of the officer and determine whether, as a matter of law, his observations provided an adequate basis for the stop." *Berge v. Comm'r of Pub. Safety*, 374 N.W.2d 730, 732 (Minn. 1985). The officer need not actually observe a violation and "suspicion is all that is required, if the officer can sufficiently articulate the factual basis for his suspicion." *Id.* at 733.

Here, Officer Sanders testified that he heard "loud motorcycle revving engines," and "crackling and popping noises that were very loud," and that there was no other traffic on the road. The district court upheld the stop as lawful, concluding that Sanders "articulated a reasonable suspicion of illegal activity, i.e., the officer's belief that defendant may have been riding a motorcycle that violated the city's noise ordinance."

We conclude that the basis for the stop in this case may have been "minimal," but the officer did testify that he stopped the motorcycles after hearing a violation of the traffic laws and the district court credited the officer's testimony. The officer's belief that one of two motorcycles was violating the noise laws is reasonable and sufficient to make the suspicion "individualized," in that the officer was not conducting a roadblock or stopping a large number of vehicles to see if one was violating the law. Under these circumstances, the district court did not err in holding the stop was lawful and supported by a reasonable, articulable suspicion of criminal activity.

**II.**

Appellant next argues that he was denied his statutory right to an additional test because the officers hampered his timely effort to obtain an independent test when he was not given an opportunity to obtain a test for several hours. In his brief to this court, appellant states that the "relevant facts are not disputed." At oral arguments, however, appellant's counsel questioned whether appellant requested an additional test in the squad car on the way to jail, as the testimony of Officer Sanders suggested and the district court found, or whether appellant first asked for an additional test at the White Bear Lake Police Department after administration of the breath test.

A person has a limited right to an additional test under Minn. Stat. § 169A.51, subd. 7(b) (2012). The issue on appeal is whether the officer unlawfully prevented or denied the right to obtain an additional chemical test. *See Haveri v. Comm'r of Pub. Safety*, 552 N.W.2d 762, 765 (Minn. App. 1996), *review denied* (Minn. Oct. 29, 1996). An officer is not required to inform a driver of the right to an additional test. *Schulz v. Comm'r of Pub. Safety*, 760 N.W.2d 331, 334 (Minn. App. 2009). Other than providing a telephone, an officer has no obligation to assist a driver to obtain an additional test. *Id.*

Appellant is essentially claiming that the delay in providing him access to a telephone violated his statutory right to an additional test. An officer gave appellant access to a telephone but for some reason he chose to not obtain an additional test. Had appellant submitted to an additional test, he still could have attempted to present retrograde extrapolation to prove his alcohol concentration at a time prior to testing. *See State v. Jensen*, 482 N.W.2d 238, 239-40 (Minn. App. 1992) (upholding admission of

8

expert testimony using retrograde extrapolation to determine alcohol concentration), *review denied* (Minn. May 15, 1992). Moreover, any delay that did occur between appellant's breath test at the White Bear Lake Police Department and his arrival and booking at the Ramsey County jail was caused not by the officer's deliberate delay, but by the necessity to complete testing and paperwork for appellant and his friend. Thus, the district court did not err in finding that appellant's right to an alternative test was vindicated.

### III.

Finally, although this issue is not raised by appellant, examination of the record establishes that he was improperly convicted of two counts of third-degree DWI, in violation of Minn. Stat. § 609.04 (2012). According to the warrant of commitment and the district court register of actions, appellant was convicted of both third-degree DWI counts and was given concurrent sentences on each conviction. Similarly, in *State v. Clark*, the defendant was convicted of a number of offenses, including both driving under the influence and driving with an alcohol concentration of .10 or more. 486 N.W.2d 166, 167 (Minn. App. 1992). On appeal, he raised issues involving trial errors and also argued that his sentence for fleeing a peace officer should be vacated because that offense arose out of the same behavioral incident as his conviction of third-degree burglary. *Id.* We also identified and chose to address an issue not raised by the defendant involving the fact that he had received multiple convictions under different sections of the DWI statute, in violation of Minn. Stat. § 609.04. *Id.* at 170-71.

In this case, appellant was convicted of two counts of third-degree DWI, in violation of Minn. Stat. §§ 169A.20, subds. 1(1) (driving under the influence of alcohol), (5) (operating a motor vehicle with an alcohol concentration of .08 or more within two hours of driving), 169A.26 (defining third-degree DWI). The district court sentenced appellant to concurrent sentences for each conviction, according to the warrant of commitment. This sentencing is in violation of section 609.04, which prohibits "'multiple convictions under different sections of a criminal statute for acts committed during a single behavioral incident.'" *Clark*, 486 N.W.2d at 170 (quoting *State v. Jackson*, 363 N.W.2d 758, 760 (Minn. 1985)). We therefore reverse and remand to the district court, with directions to vacate one of appellant's convictions.

**Affirmed in part, reversed in part, and remanded.**