*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1117**

Ryan James Dekok, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed March 23, 2015
Affirmed
Connolly, Judge**

Kandiyohi County District Court
File No. 34-CV-14-69

John E. Mack, Ralph E. Daby, Mack & Daby P.A., New London, Minnesota (for appellant)

Lori Swanson, Attorney General, Rory C. Mattson, Joan M. Eichhorst, Assistant Attorneys General, St. Paul, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Worke, Judge; and Connolly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CONNOLLY**, Judge

In this appeal from the district court's decision sustaining the revocation of his driver's license under the implied-consent law, appellant argues that his revocation

should be rescinded because (1) the officer prevented or denied his request for an additional test, and (2) an adverse inference should be drawn from the fact that the video recording did not include the portion of the conversation in which appellant asserts he requested an additional test or the officer's response, under a spoliation-of-evidence theory. We affirm.

## FACTS

On February 1, 2014, a deputy was traveling eastbound on Highway 23 near New London when he observed a green pickup truck with obscured license plates and registration tabs. The deputy initiated a traffic stop and identified the driver as appellant Ryan James Dekok. While speaking with appellant, the deputy detected the odor of alcohol and noticed that appellant was slurring his speech.

Based on these observations, the deputy asked appellant to exit the vehicle and perform field sobriety tests, which appellant failed. Specifically, a preliminary breath test indicated that appellant had an alcohol concentration of .16. The deputy arrested appellant on suspicion of driving while under the influence of alcohol and transported him to the Kandiyohi County Law Enforcement Center. There, the deputy read appellant the Minnesota Implied-Consent Advisory (implied-consent advisory) at 11:56 p.m. After hearing the implied-consent advisory, appellant indicated that he wanted to speak to an attorney. Appellant was able to contact an attorney and discuss the implied-consent advisory with him.

After appellant spoke to an attorney, the deputy asked him whether he would undergo alcohol-concentration testing. Appellant asked the deputy whether he would

2

have a choice in participating in a blood, breath, or urine test, to which the deputy replied that he would only be offering a chemical-breath test. Appellant agreed to provide a breath sample but his first attempt at the breath test did not work. A video recording of the testing room began after the first attempt. The second breath test indicated that appellant's alcohol concentration was .18 and respondent, the Commissioner of Public Safety, subsequently revoked appellant's driving privileges. After the chemical-breath test, appellant did not request any additional testing.

Appellant sought judicial review of the revocation of his driving privileges by filing a petition on February 4, 2014. At appellant's implied-consent hearing, appellant limited the issues to whether his right to additional chemical testing was violated. The parties mentioned that there was not a recording of the implied-consent advisory, but neither party filed a motion concerning this issue. On June 3, 2014, the district court issued its order concluding that appellant did not request an additional test, that the deputy did not prevent appellant from obtaining an additional test, and that appellant's right to an additional test was not violated. The district court also held that appellant's spoliation-of-evidence claim based on the missing video recording was waived because neither party raised this argument during the implied-consent hearing. The district court ordered that the revocation of appellant's driving privileges be sustained.

**D E C I S I O N**

**I.**

Appellant argues that "[l]aw enforcement's refusal to offer a person subject to the implied[-]consent law an additional test defeats the state's right to revoke his driver's

3

license, and the state is estopped to claim that the driver failed to request an additional test." We disagree.

"Any person who drives . . . a motor vehicle within this state or on any boundary water of this state consents . . . to a chemical test of that person's blood, breath, or urine for the purpose of determining the presence of alcohol." Minn. Stat. § 169A.51, subd. 1(a) (2014).[1] The officer requiring the test has the authority to choose whether to conduct a blood, breath, or urine test. *Id.*, subd. 3 (2014). Minnesota law provides that a person has the right to have an additional alcohol-concentration test after the person submits to the state's alcohol-concentration test. *Id.*, subd. 7(b) (2014). "The failure or inability to obtain an additional test . . . does not preclude the admission in evidence of the test taken at the direction of a peace officer unless the additional test was prevented or denied by the peace officer." *Id.*

The issue of whether an arresting officer unlawfully prevented or denied appellant's right to obtain an additional chemical test is a question of law and fact. *Haveri v. Comm'r of Pub. Safety*, 552 N.W.2d 762, 765 (Minn. App. 1996), *review denied* (Minn. Oct. 29, 1996). "The district court's findings of fact must be sustained

---

[1] It is a crime in Minnesota to refuse a chemical test administered to detect the presence of alcohol in certain situations. *See* Minn. Stat. § 169A.20 (2014); Minn. Stat. § 169A.51, subds. 1, 2 (2014). The Minnesota Supreme Court recently decided that charging an offender with violating Minn. Stat. § 169A.20, subd. 2, for refusing to take a breathalyzer when law enforcement has probable cause to believe the offender was operating a motor vehicle under the influence of alcohol does not implicate a fundamental right because a warrantless search of breath would constitute a constitutional search incident to a valid arrest in that situation. *State v. Bernard*, ___ N.W.2d ___ (Minn. Feb. 11, 2015).

4

unless clearly erroneous, but this court reviews de novo whether, as a matter of law, the driver's right to an independent test was prevented or denied." *Schulz v. Comm'r of Pub. Safety*, 760 N.W.2d 331, 333 (Minn. App. 2009).

Appellant argues that the deputy prevented him from obtaining an additional alcohol-concentration test. We disagree. The person who had been arrested has the responsibility to clarify his intent to have a second test administered. *See Davis v. Comm'r of Pub. Safety*, 509 N.W.2d 380, 387 (Minn. App. 1993), *aff'd*, 517 N.W.2d 901 (Minn. 1994). "An officer does not need to furnish supplies or transportation to facilitate an additional test. Nor is an officer required to talk to a doctor on the phone to arrange an additional test. And an officer has no duty to ask whether a driver wishes to use the telephone to arrange an additional test." *Schulz*, 760 N.W.2d at 334. Additionally, it is the duty of an attorney and not a police officer "to explain the extent and scope of the right to an additional test while the driver is in custody." *Id.* at 335 n.1 (quotation omitted). "The only advisory that the police must give a person under the implied[-]consent law is that mandated by statute." *Hager v. Comm'r of Pub. Safety*, 382 N.W.2d 907, 911 (Minn. App. 1986).

The district court determined that the deputy did not impermissibly prevent appellant from obtaining an additional alcohol-concentration test. The deputy asked appellant to take a breath test after reading him the implied-consent advisory. The deputy and appellant both testified at the implied-consent hearing that appellant asked the deputy about alternative tests. The deputy explained that he was offering appellant a breath test and would only offer appellant a different test if the first test failed. After the chemical-

breath test, appellant did not explicitly request an additional test, nor did he attempt to make arrangements to obtain an additional test.

Although appellant now argues that his inquiry regarding other alcohol-concentration tests was, in fact, a request for an additional test, this court has previously rejected the argument "that a peace officer should interpret a driver's request for any test as a request for a test in addition to that which is offered by the peace officer." *Schulz*, 760 N.W.2d at 334. "[A] request for a test that is different from that which is offered by the peace officer . . . is not equivalent to a request for a test in addition to that which is offered by the peace officer." *Id.* at 335. Thus, we conclude that the district court did not err by ruling that appellant did not request an additional alcohol-concentration test.

Even if appellant requested an additional test, we conclude that appellant's right to an additional alcohol-concentration test was not violated. "When determining whether an officer has prevented or denied an additional test, we draw a distinction between an officer's *failing to assist* and an officer's *hampering* an attempt to obtain such an additional test." *Id.* (quotation omitted). Here, appellant did not assert his right to an additional test by requesting an alcohol-concentration test in addition to the chemical-breath test that the deputy offered him. Even if appellant had asserted this right, the deputy did not hamper any attempt on appellant's part to secure additional testing. Instead, he merely failed to assist appellant in obtaining additional testing. Because an officer does not need to furnish supplies or transportation to facilitate an additional test, we conclude that the district court did not err by concluding that the deputy did not impermissibly prevent appellant from obtaining additional alcohol-concentration testing.

6

Appellant argues that the district court erred when it denied his request to suppress his breath-test results based on his spoliation-of-evidence claim. We disagree. Appellant bases his argument on the ruling in *State v. Scales*, in which the Minnesota Supreme Court held:

> [A]ll custodial interrogation including any information about rights, any waiver of those rights, and all questioning shall be electronically recorded where feasible . . . If law enforcement officers fail to comply with this recording requirement, any statements the suspect makes in response to the interrogation may be suppressed at trial.

518 N.W.2d 587, 592 (Minn. 1994). Additionally, appellant bases his argument on the state's obligation to provide him with the recording as exculpatory evidence.

Appellant first raised this issue in an implied-consent hearing memorandum submitted after the implied-consent hearing. A motion to suppress evidence which is not raised at the omnibus hearing is generally waived. *State v. Brunes*, 373 N.W.2d 381, 386 (Minn. App. 1985), *review denied* (Minn. Oct. 11, 1985). When issues are first raised in post-hearing memoranda they are considered waived. *Id.* Issues in an implied-consent proceeding must be raised with specificity. Minn. Stat. § 169A.53, subd. 2(b)(3) (2014). The purpose of this rule is to identify what is at issue for the hearing. *Berendes v. Comm'r of Pub. Safety*, 382 N.W.2d 888, 891 (Minn. App. 1986).

The district court concluded that appellant waived this issue by noting "[appellant] did not raise the aforementioned *Scales* argument at [appellant's] joint Omnibus/Implied Consent Hearing or within [appellant's] previous motions. As a result, the record is not

established regarding the status of the [implied-consent advisory] recording." Appellant did not reference his spoliation-of-evidence claim in his petition for judicial review of his revocation, and therefore, the commissioner and the district court did not respond to the allegation at the implied-consent hearing. Consequently, we conclude that appellant waived this issue.

Even if we reach the merits of appellant's argument, the *Scales* recording requirement applies only to custodial interrogations. *Scales*, 518 N.W.2d at 592. In *Umphlett v. Comm'r of Pub. Safety*, 533 N.W.2d 636, 640 (Minn. App. 1995), *review denied* (Minn. Aug. 30, 1995) this court decided "because the supreme court and this court have indicated that the implied consent test request is not a custodial interrogation, and no Minnesota case has applied *Scales* to implied consent proceedings, we hold that *Scales* does not apply [to the implied consent test request]." Because the reading of the implied-consent advisory is not a custodial interrogation, *Scales* does not apply and the district court did not err by admitting appellant's chemical-breath-test results.

Appellant also argues that the district court erred by sustaining the revocation of his driving privileges because respondent failed to preserve the electronic recording of his implied-consent advisory. Again, we disagree.

In *Brooks v. Comm'r of Pub. Safety*, this court rejected the appellant's argument that the Commissioner had a duty to turn over favorable evidence that would "tend to exculpate the defendant or reduce the penalty," and decided, "an implied consent hearing is not a de facto criminal proceeding and due process rights associated with criminal trials do not apply." 584 N.W.2d 15, 20 (Minn. App. 1998) (quotation omitted), *review denied*

8

(Minn. Nov. 24, 1998). Although there is a limited duty to preserve evidence in implied-consent civil cases, *see e.g.*, *Bielejeski v. Comm'r of Pub. Safety*, 351 N.W.2d 664, 667 (Minn. App. 1984) (holding that the state is obligated to preserve evidence that has apparent exculpatory value and that the defendant would not be able to obtain otherwise), the record does not indicate whether the implied-consent advisory was ever recorded. Respondent produced a recording of the actual chemical-breath test at the implied-consent hearing, but did not produce a recording of the implied-consent advisory or any other conversation that may have taken place between appellant and the deputy. Both parties were able to present testimony at the implied-consent hearing concerning the alleged contents of the conversation regarding alternative testing, and appellant admitted that he did not ask for an additional chemical test after undergoing the chemical breath test. Therefore, we conclude that the district court did not err by denying appellant's request to suppress the results of his chemical breath test or rescind the revocation of his driving privileges.

**Affirmed.**